Milton A. Wiltse, J.
The defendant was convicted of violation of the speeding ordinance of the Village of Brownville, in Police Justice Court, before the Honorable Frank E. Smith, Acting Police Justice of said village. In substance, the ordinance states that no person shall operate a motor vehicle on a public street or highway within the Village of Brownville, at a rate of speed in excess of 35 miles per hour.
From the judgment of conviction entered against the defendant for violation of said ordinance, he appeals, and asks that the judgment be reversed. Said judgment was rendered on September 17,1958.
The defendant relies on several specifications of alleged error in the affidavits filed with his moving papers. Among the specifications of error alleged in the affidavits referred to is one whereby the defendant claims that error prejudicial to the substantial rights of the defendant occurred when the court questioned the defendant and the police officer at the conclusion of the trial and after the summation by counsel. The defendant urges that the answers received from such questions must have been considered to be evidence in the case, by the court, and that any answers thus obtained influenced the verdict of guilty that was rendered by the court.
*167 The questions asked of both of said persons related to whether either of them had caused the speedometer on his vehicle to be calibrated, and the type of tires that were in operation on each of said vehicles. From the defendant he received a negative answer, and from the police officer he received an affirmative answer, in regard to the speedometer; and each said that he had regular, or summer tires.
There is nothing in the transcript of the testimony, however, to indicate that this conversation by the court and the persons mentioned, was a part of the trial, or considered by the Acting Police Justice to be a part of the trial or testimony in the case. On the contrary, the Police Justice stated ‘ that is not evidence in this case though ”, after he had concluded his talk above mentioned.
It is not believed that this court can attribute to the Acting Police Justice, consideration of any matters not in evidence upon the trial.
The mere fact of a conversation with the witnesses at the conclusion of the entire case, especiaEy where he stated ‘ ‘ that is not evidence in this case though ”, does not aEow this court to indulge in the speculation that the results of his talk with the persons mentioned influenced his verdict in any way whatever; and the presumption is that the verdict was arrived at with consideration being given only to the credible and admissible testimony in evidence in the case, and the law applying thereto.
Another specification of aEeged error relates to the jurisdiction of the Acting Police Justice. The defendant contends, because the Acting PoEce Justice was a Justice of the Peace of the Town of BrownviEe within which the ViEage of BrownviEe is located, that he must have been a resident of the ViEage oi BrownviEe to serve as such Acting PoEce Justice. The Acting PoEce Justice resides in the ViEage of Dexter, which is also within the Town of BrownviEe.
As to that question, section 187 of the ViEage Law provides as foEows: ‘ ‘ The board of trustees of a viEage in which the office of poEce justice is established shaE designate an acting poEce justice of the viEage whose salary or compensation shaE be fixed by the board of trustees. At the time of his appointment and during the term for which he is appointed, such acting poEce justice shaE be either a justice of the peace, poEce justice or attorney-at-law duly Ecensed to practice in the state of New York, and a resident of the same county in which the viEage or a part thereof is situated. During the absence or inabEity of the police justice to perform the duties of his office, the acting *168 police justice has all the powers and is subject to all the liabilities of a police justice within the village.”
Judicial notice is taken that the office of Police Justice was established in said town, and that the Honorable Frank E. Smith was the duly designated and Acting Police Justice at the time of the charge upon which the defendant was tried, at the time of the trial, and prior and subsequent to same.
The court had jurisdiction to hear, try, and determine the case, and enter judgment.
Neither of the alleged errors discussed above should disturb the verdict rendered in the Police Justice Court. Although other errors alleged by the defendant have not been fully discussed, none of them appear to be such that a reversal of the judgment of conviction should be had.
Therefore, the judgment of conviction of the defendant is affirmed in all respects.
The District Attorney is respectfully requested to prepare an order in accordance with the above and to serve a copy of the same upon the attorney for the defendant.